ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| ISLA VERDE HOLDINGS, LLC<br><br>Recurrido<br><br>v.<br><br>GOLDEN DEBT, LLC: GOLDEN RE, LLC; DAVID EFRÓN, EFRÓN DORADO S.E.; GREENE FAMILY BRIDGEHAMPTON, LLC; PDP HOLDINGS, LLC<br><br>Peticionaria<br><br>RAMÓN CALDERÓN, HOLSUM OF PUERTO RICO, INC., PUEBLO, INC.<br><br>Terceros Demandados | KLCE202300652 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. DO2018CV00096<br><br>Sobre: Incumplimiento de contrato, solicitud de cumplimiento específico, dolo contractual; daños y perjuicios; en la alternativa, *culpa in contrahendo*; daños y perjuicios *ex contractu* |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y el Juez Monge Gómez.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

I.

El 27 de julio de 2018, Isla Verde Holdings LLC., demandó a Golden Debt y a Golden RE, por alegadamente, retirarse sin justificación alguna, de las negociaciones de la compraventa preacordada del local donde radica la tienda "Amigo" en el centro comercial Paseo del Plata. En su *Demanda*, Isla Verde Holdings solicitó al Tribunal de Primera Instancia el cumplimiento específico del contrato de compraventa y una cuantía por los daños causados por ese presunto incumplimiento. En la alternativa a la causa de acción de cumplimiento específico, propuso que estableciera una cuantía por la presunta *culpa in contrahendo* por el rompimiento de las negociaciones.

Número Identificador

RES2023_____

Ese mismo día, Isla Verde Holdings presentó una *Urgente Solicitud de Remedio Provisional: Prohibición de Enajenar*, de naturaleza *ex parte*. Además, sometió una *Solicitud de Orden de Anotación Preventiva de Demanda.* El 3 de agosto de 2018, notificada el 13, el Tribunal de Primera Instancia concedió el remedio provisional y emitió una orden de prohibición de enajenar respecto al centro comercial Paseo del Plata. Isla Verde Holdings presentó ante el Registro de la Propiedad la orden de prohibición de enajenar y el 20 de agosto de 2018, instó *Moción Sometiendo Fianza en Relación a Remedios Provisionales.*

Por su parte, el 24 de agosto de 2018, Golden Debt y Golden RE, presentaron *Moción Solicitando que se Anule y Deje Sin Efecto Orden de Prohibición de Enajenar.* El 28 de agosto de 2018, el Tribunal de Primera Instancia emitió una *Orden Enmendada Nunc Pro Tunc de Prohibición de Enajenar.* Dispuso para la anotación de la orden de prohibición de enajenar, el centro comercial Paseo del Plata. En igual fecha, el Tribunal *a quo* reiteró la *Orden* de prohibición de enajenar y ordenó la celebración de una vista evidenciaria para dilucidar su permanencia.

Inconformes, Golden Debt y Golden RE recurrieron a este Tribunal intermedio de Apelaciones mediante *Certiorari*, acompañado de una *Moción en Auxilio de Jurisdicción.* Mediante *Sentencia* emitida el 18 de septiembre de 2018, un Panel de este Tribunal, declaró "No Ha Lugar" la *Moción en Auxilio de Jurisdicción* y expidió el *Certiorari* para confirmar la *Orden* del 28 de agosto de 2018.

Mediante *Orden* de 20 de septiembre de 2018, el Tribunal de Primera Instancia aumentó la fianza requerida. El 27 de septiembre de 2018, Isla Verde Holdings sometió la fianza. Por su parte, el 22 de octubre de 2018, Golden Debt y Golden RE cuestionaron ante este Tribunal de Apelaciones la fianza impuesta por considerarla

insuficiente. El 13 de diciembre de 2018 este Foro apelativo remitió el asunto de la fianza al Tribunal de Primera Instancia para que la revisara porque la *orden* de prohibición de enajenar comprendía el centro comercial y no meramente la propiedad objeto del litigio.

El 6, 18 y 19 de febrero de 2020 continuó la vista evidenciaria y el 24 de febrero de 2020, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual dejó sin efecto la *orden* de prohibición de enajenar. Concluyó que la misma no se justificaba. De dicha *Resolución* el 10 de julio de 2020, Isla Verde Holdings acudió en *Certiorari* ante este Tribunal de Apelaciones. El 24 de julio de 2020, el Tribunal de Apelaciones dictó *Sentencia* confirmando la *Resolución* del Tribunal de Primera Instancia.

De dicho dictamen, Isla Verde Holdings recurrió, sin éxito, al Tribunal Supremo de Puerto Rico. Así las cosas, el 12 de noviembre de 2020, el Tribunal de Primera Instancia emitió *Orden* dirigida al Registrador de la Propiedad para que procediera con la cancelación de la prohibición de enajenar inscrita.

El 11 de marzo de 2021, Golden Debt y Golden RE, presentaron ante el Foro *a quo Moción para que se Dicte Sentencia Sumaria Parcial por la Reconvención.* Alegaron que Isla Verde Holdings obtuvo un embargo preliminar ilegal que acaparó el centro comercial Paseo del Plata, por lo que solicitaron el pago de $15,290,000.00, además de una suma no menor de $75,000.00 por concepto de honorarios de abogado. El 14 de mayo de 2021, mediante *Moción en Torno a Moción para que se Dicte Sentencia Sumaria por la Reconvención presentada por Golden,* Isla Verde Holdings se opuso.

Mediante *Sentencia Parcial* dictada el 21 de abril de 2023, el Tribunal de Primera Instancia declaró "No Ha Lugar" la *Moción de Desestimación* presentada por Golden Debt. De igual forma, mediante *Resolución y Orden* dispuso de las mociones *para que se*

*Dicte Sentencia Sumaria Parcial por la Reconvención* y *de Ejecución de Fianza*, presentadas por Golden Debt y Golden RE.

Inconformes, el 8 de mayo de 2023, Golden Debt y Golden RE solicitaron reconsideración de cada uno de los referidos dictámenes. El 8 de mayo de 2023, notificada el 10, el Tribunal de Primera Instancia se negó a reconsiderar. Aún insatisfechos, el 9 de junio de 2023, Golden Debt y Golden RE recurrieron ante nos mediante *Certiorari*. Plantean:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA *MOCIÓN PARA QUE SE DICTE SENTENCIA PARCIAL POR LA RECONVENCIÓN* CUANDO NO EXISTE CONTROVERSIA MEDULAR RELACIONADA CON LOS DAÑOS OCASIONADOS POR LA ORDEN DE PROHIBICIÓN DE ENAJENAR QUE EL DEMANDANTE OBTUVO DE MANERA ILEGAL E INDEBIDA.**
>
> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA *MOCIÓN DE EJECUCIÓN DE FIANZA* A PESAR DE QUE —AL DEJARSE SIN EFECTO LA ORDEN DE PROHIBICIÓN DE ENAJENAR— SU CONCESIÓN RESULTABA MANDATORIA.**
>
> **TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA *MOCIÓN DE DESESTIMACIÓN* DE GOLDEN DEBT A PESAR DE QUE NO EXISTE UN REMEDIO QUE SE PUEDA CONCEDER EN SU CONTRA.**

El 29 de junio de 2023, Isla Verde Holdings presentó ante nos *Memorando en Oposición a Expedición de Certiorari* y *Moción Bajo la Regla 74 (F) de este Honorable Tribunal de Apelaciones para Presentar una Sola Copia del Apéndice.*[1]

## II.

Sabido es que este foro apelativo no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [hubiera actuado] con prejuicio y parcialidad, o que se [hubiera equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará

---

[1] Evaluada la *Moción* se declara "Ha Lugar".

un perjuicio sustancial".[2] Así pues, lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario.[3]

### III.

En el caso de marras, Golden Debt y Golden RE reclaman la revocación de las decisiones recurridas. Evaluado el recurso de *Certiorari*, concluimos que los recurrentes no tienen razón al alegar que el Foro primario abusó de su discreción o cometió error que justifique nuestra intervención en esta etapa de los procedimientos.

En resumen, el Tribunal de Primera Instancia actuó correctamente al declarar "No Ha Lugar" la *Moción de Desestimación* presentada por Golden Debt, la *Moción para que se dicte sentencia sumaria parcial por la reconvención* y la *Moción de ejecución de fianza*, presentadas por Golden Debt y Golden RE. Ausente cualquier indicio de abuso de discreción o error manifiesto, a tenor con nuestra Regla 40,[4] y la doctrina interpretativa,[5] no intervendremos con la decisión recurrida.

### IV.

Por los fundamentos antes expuestos, *denegamos* la expedición del presente recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] *Lluch* v. *España Service*, 117 DPR 729, 745 (1986).
[3] *Torres Martínez* v. *Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[4] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[5] *Filiberty* v. *Soc. de Gananciales*, 147 DPR 834, 838 (1999), *800 Ponce de León Corp.* v. *American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Medina Nazario* v. *McNeil Health LLC*, 194 DPR 723, 728-729 (2016); *IG Builders Corp.* v. *BBVAPR*, 185 DPR 307, 337–338 (2012); *García* v. *Asociación*, 165 DPR 311, 322 (2005); *Meléndez* v. *Caribbean Int'l News*, 151 DPR 649, 664-665 (2000).